IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

**ROGER BASKIN,**

    **Plaintiff,**

v.

**PIERCE & ALLRED CONSTRUCTION, INC.**

    **Defendant.**

Case No. _____

# COMPLAINT

The plaintiff, Roger Baskin, for cause of action against the defendant, Pierce & Allred Construction, Inc., states:

## PARTIES AND JURISDICTION

1. The plaintiff, Roger Baskin ("Mr. Baskin"), is a citizen and resident of Nashville, Davidson County, Tennessee.

2. The defendant, Pierce & Allred Construction, Inc. ("Pierce & Allred"), is an Alabama corporation, with its principal place of business located at 1828 Darby Drive, Florence, Alabama.

3. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The citizenship of the plaintiff is diverse from that of the defendant and the matter in controversy exceeds $75,000 exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. § 1391 as the defendant resides in this district and a substantial part of the events and omissions giving rise the plaintiff's claim occurred in this district.

1

## BACKGROUND

5. In or about October 2016, Mr. Baskin retained Pierce & Allred to demolish an existing structure and construct a lake house on real property located at 238 Lee Drive Muscle Shoals, Alabama.

6. Pierce & Allred was to construct the lake house in accordance with plans prepared by Quirk Designs, 2931 Berry Hill Drive, Suite 200, Nashville, Tennessee, 37204.

7. Pierce & Allred agreed to construct the lake house on a "cost plus" basis. That is, Mr. Baskin agreed to pay Pierce & Allred the reasonable cost of all labor and materials necessary to construct the lake house, which costs Pierce & Allred estimated and budgeted to be $924,000, plus a contractor's fee of 12%, for a total cost of construction of $1,034,880.

8. The project was to be completed within fifteen (15) months, or in or about January 2018.

9. Pierce & Allred, however, grossly mismanaged the project. It failed to construct the lake house in accordance with the plans provided, failed to construct the house in a good and workmanlike manner, and failed to complete the project on time and within budget. Indeed, it failed to complete the project at all.

10. Although Mr. Baskin paid construction costs totaling more than $1,700,000, Pierce & Allred failed to complete construction of the house and has left plaintiff with a home riddled with construction defects that affect every major system of the home, including the structural system, the flooring system, the electrical

systems, the plumbing systems, the roofing system, the HVAC systems, the window systems, the drainage system, and the insulation system, among others.

11. Pella Windows and Doors, which provided the windows systems for the home, has notified plaintiff that because defendants so incompetently installed its windows in the home, Pella's warranty of the window systems has been voided.

12. Pierce & Allred also failed appropriately to secure more than $6,000 of expensive audio equipment when such equipment was delivered to the project site. Such equipment has been misappropriated.

13. Plaintiff also recently discovered that Pierce & Allred submitted the same invoices multiple times in support of its draw requests and received payment therefor.

14. Plaintiff has now had to retain a replacement contractor to complete the project and, to the extent possible, remedy Pierce & Allred's defective construction. The construction defects include, but are not limited to, the following:

### A. Structure

15. The structure of the home is defective in multiple respects. There is evidence of water leaking into the building envelope below the front wall of the master bedroom and at the front wall of the mechanical room. There are unsealed penetrations between floors. The walls to the mechanical room are not insulated. There is also exposed wiring in the mechanical room.

16. Pierce & Allred installed the roof decking without providing proper expansion gaps between sheets, causing deflection in the roofing materials.

17. Steel beams that Pierce & Allred installed in the foundation system were neither primed nor painted and have now begun to rust.

18. Pierce & Allred failed to install kickout flashing on the roof in many areas, failed to install a drip edge along the perimeter of the roof, and failed to install flashing at the rear of the chimney. It also installed windows on the front and back of the master bedroom too low for proper flashing to be installed. It terminated wall finishes less than 1" above roof shingles in many areas. It also failed to install shingles under the rear eave of the uppermost balcony leaving the framing exposed.

19. Mold has now been found in the ceilings and interior walls of the home because of the moisture and water intrusion Pierce & Allred's defective construction has allowed to occur.

20. Pierce & Allred also defectively terminated the radon vent pipe in the attic. Certain areas in the attic are not accessible.

21. Other defects in the structure of the home are set out in an Inspection report issued August 23, 2020, which is in defendant's possession and which is fully incorporated herein by reference.

B. Exterior

22. The final grading around the house is incomplete. The front yard of the house slopes into the front of the house. No pathway or piping is provided for multiple gutters, where the downspouts empty directly at the foundation of the house.

23. The patio at the right front corner of the home is approximately one foot further toward the street than it is drawn on the plans provided by Quirk Designs.

24. The cementitious coating on both the left and right sides of the retaining wall Pierce & Allred installed is delaminating. The penetrations through the wall are not properly sealed or caulked in many areas.

25. Pierce & Allred installed the same cementitious coating directly against multiple exterior doors and windows, leaving no room for these penetrations to be properly sealed. It likewise failed to install flashing where such coating was terminated directly into trim boards and failed to install pan flashing at exterior doors.

26. Virtually all exterior doors and windows are improperly sealed, out of square, and defectively installed.

27. The cable railing that runs along the porch is incomplete, as is the exterior circular staircase that connects the basement level to the other levels of the home.

28. Defendant also failed to protect the stamped concrete surfaces of the porches to the home. Defendant was paid to seal all such concrete surfaces but failed to do so. Defendant's failure to protect the concrete surface of the porches has caused permanent damage to the stamped concrete. Defendant likewise failed to install a front step leading to the porch.

### C.    First Floor

29. The first floor of the house consists principally of a foyer, a great room, a kitchen, two separate bedroom suites, a laundry room, a library, a powder room, and a screened porch. Construction defects exist in each room.

4820-8858-5180, v. 1

30. Among other defects, the millwork in the foyer and library, including base trim and quarter round, is either missing or incomplete. The cabinetry in the powder room was cut too short, requiring quarter round to be installed. Hinges on the door to the powder room are also missing. In fact, defendant failed to install finished hinges on any interior doors in the home.

31. The sliding doors in the great room are out of square and need to be reinstalled. The interior walls of the great room are likewise out of square. The Pella windows installed on each side of the fireplace are likewise out of square and need to be reinstalled.

32. The fireplace itself is unfinished, is missing a chimney cap, and is surrounded by stonework that is neither grouted nor installed in a good or workmanlike manner. Electrical plugs called for in the plans are missing, yet Pierce & Allred cut meaningless holes in the ceiling that are now patched with unsightly plastic plates.

33. In the kitchen, an HVAC register needs to be installed, as called for in the plans. The backsplash needs to be completed and grouted. Millwork is also missing in certain areas, and the millwork that is installed needs to be painted.

34. The door to the laundry room is missing hinges and missing trim. Electrical covers are also missing in the laundry room. The sheetrock over the cabinet is also in need of repair and painting.

35. In bedroom suite Nos. 2 and 3, defendant failed to install shelving in the closets and likewise failed to install finished hinges on the entry door, the closet door,

and the bathroom doors. Lights and outlets called for in the plans have also not been installed. The tile floor in the bathroom to bedroom suite No. 3 is permanently stained and the bathroom, as installed, was missing plumbing fixtures and hardware.

36.     The Pella window in bedroom suite No. 2 was defectively installed and is currently leaking. The window is out of square, off-center, and is not properly flashed.

### D.     Second Floor

37.     The second floor of the house consists principally of a master suite with interior and exterior balconies. The master bedroom has a series of 3" holes in the walls that an electrician had to drill to locate an electrical wire that defendant's subcontractors negligently cut with a nail gun while installing the exterior cladding on the home.  Pierce & Allred inexplicably installed twelve electrical outlets in the master bedroom but failed to install in the master bedroom finished door hinges, electrical covers, a smoke alarm, a television jack, and other items called for in the plans.

38.     The master bath is likewise a scene of defendant's ineptitude. The doors in the master bath are out of square and are also missing hinges. The faucets in the master bath were installed too low in relation to the sinks. The shower remains unfinished.

39.     The railing on the top balcony is neither installed nor stained. The base boards that were to have been installed in the balconies are missing.

40.     The stairway leading to the second floor was also defectively installed. The stairway steps vary in height and are not within an acceptable tolerance. Pierce & Allred failed to install tile at one of the landings in the staircase and failed to install a bannister on the second floor of the stairway.

### E.     Basement

41.     The basement of the home consists principally of a bonus room, a mechanical room, a powder room, a storage room, and a guest bedroom suite.

42.     The keys for the doors in the bonus room are missing, as are keys for other doors throughout the house. Pierce & Allred failed to install the appliances specified for the bonus room and failed to install hardware for the specified cabinetry.

43.     The trim on the sliding glass doors in the bonus room was cut too short and will have to be removed and replaced with trim cut to the proper dimensions. Defendant also negligently cut the pre-wiring for the alarm system when defendant installed the sliding glass doors, rendering the alarm sensors inoperable and resulting in ongoing problems with the alarm system.

44.     The sink in the kitchen of the bonus room is missing a back splash that was specified in the plans. Millwork, including quarter round, is missing throughout the bonus room.

45.     The door leading from the storage room to the exterior is out of plumb and hits the door frame when opened. The main door into the powder room is missing finished hinges and the wood trim in the room has been cut too short and must be replaced. The plumbing fixtures installed in the powder room are off-center.

4820-8858-5180, v. 1

46.     Pierce & Allred also defectively constructed the guest bedroom suite in numerous respects. The doors to the bathroom and the closet are out of plumb and will not close.  The trim in the suite was also cut too short and must be replaced. Can lights that the plans required to be installed in the ceiling of the guest suite are missing. The defendant, yet again, inexplicably installed 12 electrical outlets in the guest bedroom but installed no data ports.

47.     In the bathroom, the bathtub was improperly installed resulting in water not draining from the tub properly. The faucets to the sink were improperly installed and need to be removed and replaced. Pierce & Allred also failed to install the light for the bathtub and failed to install crown molding along the perimeter of the bathroom. Pierce & Allred likewise failed to install a threshold for the bathroom door.

## Legal Claims

### COUNT I: BREACH OF CONTRACT

48.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 46 as fully as if set out verbatim.

49.     The defendant agreed to construct plaintiff's home in accordance with the plans provided by Quirk Designs, and in a good and workmanlike manner.

50.     In breach of this agreement, defendant failed to construct plaintiff's home in accordance with the plans and failed to construct plaintiff's home in a good and workmanlike manner. Defendant also left the project site littered with construction debris.

51. In addition, defendant failed to complete the project on time or within budget. Defendant's failure to complete the project on time has caused plaintiff to incur substantial storage costs for the past three years.

52. Defendant also charged plaintiff for services and materials never provided by, negligently or intentionally, using the same invoices for multiple draw requests, all of which plaintiff paid.

53. Defendant also negligently allowed expensive audio equipment delivered to the project site to be misappropriated from the site, resulting in a loss to plaintiff of more than $6,000.

54. As a direct and proximate result of defendant's breach of contract, plaintiff has been damaged in an amount in excess of $1,000,000.

## COUNT II: BREACH OF WARRANTY

55. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 46 as fully as if set out verbatim.

56. Pierce & Allred warranted to plaintiff that the home it agreed to construct on plaintiff's property and in accordance with the plans provided, would be free of defects in workmanship and materials for a period of one-year after final completion.

57. In violation of the warranty it provided, the home defendant built is riddled with defects in workmanship and materials.

58. As a direct and proximate result of defendant's breach of warranty, plaintiff has been damaged in an amount in excess of $1,000,000.

4820-8858-5180, v. 1

WHEREFORE, plaintiff Roger Baskin prays as follows:

A. That this Court enter a judgment of compensatory damages against the defendant, Pierce & Allred Construction, Inc., in favor of the Plaintiff in an amount in excess of $1,000,000;

B. That the Court award plaintiff his reasonable attorney's fees and expenses;

C. That the Court award plaintiff prejudgment interest and the costs of this action; and

D. That the Court award plaintiff all such other relief as may be just, equitable, and proper.

                              Respectfully submitted:

                              s/Eugene N. Bulso, Jr.
                              Eugene N. Bulso, Jr. (No. 12005)
                              BULSO, PLC
                              155 Franklin Rd., Ste. 400
                              Brentwood, TN 37027
                              Tel. (615) 913-5200
                              Fax (615) 913-5150

                              *Attorney for Plaintiff*