**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

**ROGER BASKIN,**

      **Plaintiff,**

**v.**                                                  **CASE NO.: 3:21-cv-00215-MHH**

**PIERCE & ALLRED
CONSTRUCTION, INC.,**

      **Defendant.**

## REVISED SCHEDULING ORDER

      This order is entered under Fed. R. Civ. P. 16(b). This order supersedes any prior orders and governs further proceedings in this action unless modified for good cause shown.

1.    **Pleadings and Parties:** No causes of action, defenses, or parties will be allowed after **January 30, 2022** for plaintiff and **April 30, 2022,** for defendant.

2.    **Discovery limitations and cutoff:**

    **a.** Unless modified by stipulation of the parties:

| | |
|---|---|
| **Interrogatories:** | Max. **35** by any party directed to any other party. |
| **Doc. Reqs:** | Max. **45** by any party directed to any other party. |
| **Rule 36 Reqs:** | Max. **25** by any party directed to any other party. |
| **Depositions:** | Max. **10** by any party directed to any other party. |
| | The parties must complete the depositions of all named parties no later than **July 30, 2022**. |

**b. Expert Testimony:** Unless modified by stipulation of the parties, the disclosure of expert witnesses—including a complete report under Fed. R. Civ. P. 26(a)(2)(B) from any specially retained or employed expert—are due:

From plaintiff:     by **August 30, 2022**
From defendant:     by **October 30, 2022**

**c. Deadline**: Unless modified by court order for good cause shown, all discovery must be commenced in time to be completed by **November 30, 2022.**

**d. Discovery disputes:** Before a party files a motion to compel, the Court directs counsel for that party to please confer with opposing counsel by telephone or video conference or in person to discuss disagreements regarding discovery requests. If the parties cannot resolve their dispute during the conference, then the parties may file a joint motion requesting a telephone or video conference to discuss the discovery dispute. The joint motion must contain a statement certifying that the parties discussed the discovery dispute and have been unable to resolve their disagreements. Upon receipt of the joint motion, the Court will set a telephone conference to discuss the discovery dispute and will determine whether additional written submissions are required to resolve the dispute.[1]

3.   **Dispositive Motions:** All potentially dispositive motions must be filed by **December 30, 2022**, and should be accompanied by a supporting brief.

4.   **Dispositive Motion Briefing:**

Consistent with Rule 56 of the Federal Rules of Civil Procedure, a party may file a summary judgment motion any time before the summary judgment deadline. A party opposing a summary judgment may file a brief in opposition to the motion within 21 days. The moving party may file a reply brief 14 days later.

---

[1] If an attorney makes a good faith effort but is unable to contact opposing counsel, then the attorney may unilaterally file a motion requesting a discovery telephone conference. In such a case, the moving party must describe in the motion the attorney's efforts to contact and coordinate with opposing counsel.

For information about the format and length of briefs, please see Section VIII of the Initial Order in this case.

The parties should present the evidence related to a summary judgment motion in narrative format as they would in a brief to a court of appeals. Parties must support every factual assertion with a complete record citation. **Summary judgment briefs must contain citations to the evidentiary record by CM/ECF document and page number**. Therefore, the parties must electronically file their evidence **before** they file their summary judgment briefs. If a party cannot file evidence electronically before filing its brief, then the party shall, **within three days of filing a brief**, email to chambers (haikala_chambers@alnd.uscourts.gov) a Word version of the brief with CM/ECF record citations.[2]

If a party relies on deposition testimony in a summary judgment brief, then the party must file the complete deposition transcript and all associated deposition exhibits. Parties should file all deposition exhibits associated with a single deponent as a single document. Citations to deposition exhibits should include the CM/ECF document and page number.

5.      **Status Conference:** A status conference near the close of discovery is scheduled in this matter on **Monday, December 12, 2022, at 11:00 a.m**., in Courtroom 7B, U.S. District Court, 1729 5th Avenue North, **Birmingham**, AL.

        **DONE** and **ORDERED** this December 15, 2021.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[2] The Court may alter this procedure for pro se litigants.