UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

**ROGER BASKIN,**

    **Plaintiff,**

v.            **CASE NO: 3:21-cv-00215-MHH**

**PIERCE & ALLRED CONSTRUCTION, INC.,**

    **Defendant.**

## MOTION FOR LEAVE TO ADD THIRD-PARTY DEFENDANTS

COMES now the Defendant Pierce & Allred Construction, Inc. and, pursuant to Rule 14 of the F.R.C.P., moves this Court for leave, as Third-Party Plaintiff, to cause to be served on Randy Akins, Dwight Mears d/b/a Dwight Mears Roofing, and Maintenance Plus Heating & Air Condition, Inc. with the Third-Party Complaint, copies of which are attached hereto as Exhibit "1".

The Third-Party Defendants are subcontractors that performed construction work on the Plaintiff's residence. Plaintiff's counsel has no opposition to the motion.

Respectfully submitted this 28th day of April, 2022.

                                             **s/ Robert V. Wood, Jr.**
                                             ROBERT V. WOOD, JR. (asb-9598-d62r)

                                             **s/ Matthew T. Dukes**
                                             MATTHEW T. DUKES (asb-1268-t67d)
                                             Attorneys for Defendant/Third-Party Plaintiff Pierce & Allred Construction, Inc.

bwood@wilmerlee.com
mdukes@wilmerlee.com

**WILMER & LEE, P.A.**
100 Washington Street, Suite 200
Post Office Box 2168
Huntsville, Alabama 35804
PH: (256) 533-0202

### CERTIFICATE OF SERVICE

I CERTIFY that on April 28th, 2022, I e-filed this document using CM/ECF system. I further certify that e-mailed and mailed this document to Plaintiff's counsel.

/s/Matthew T. Dukes
OF COUNSEL

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ROGER BASKIN,

    Plaintiff,

v.                                   CASE NO: 3:21-cv-00215-MHH

PIERCE & ALLRED
CONSTRUCTION, INC.,

    Defendant.

v.

RANDY AKINS, DWIGHT MEARS
d/b/a DWIGHT MEARS ROOFING,
AND MAINTENANCE PLUS HEATING
& AIR CONDITION, INC.,

    Third-Party Defendants.

## THIRD-PARTY COMPLAINT

**COMES NOW** the Defendant/Third-Party Plaintiff Pierce & Allred Construction, Inc., ("PAC") and submits its Third-Party claim against the Third-Party Defendants Randy Akins, Dwight Mears d/b/a Dwight Mears Roofing, and Maintenance Plus Heating & Air Condition, Inc., and would show the following:

## STATEMENT OF FACTS

1.    On or about February 11, 2021, the Plaintiff in this action, Roger Baskin, filed suit against PAC in United States District Court for the Northern

District of Alabama in the above-styled action. A copy of the original Complaint is attached hereto as Exhibit "A."

2. In this lawsuit, Plaintiff asserts claims of breach of warranty and breach of contract against PAC.

3. The Plaintiff's claims arise out of construction project that included the renovation, remodel, and addition on Plaintiff's residence located at 238 Lee Drive, Muscle Shoals, Alabama. PAC served as the general contractor during the construction work on the subject residence.

4. Plaintiff claims there are numerous defects and deficiencies with the construction, including with the roofing, framing and the utility lines. Plaintiff has claimed in his discovery responses and his deposition the defects in the roofing, framing, and utility line placement has resulted in other damages to him and his property.

5. PAC has answered the Plaintiffs' Complaint, asserting a general denial, as well as numerous affirmative defenses.

6. Third-Party Defendants Randy Akins, Dwight Mears d/b/a Dwight Mears Roofing, and Maintenance Plus Heating & Air Condition, Inc., separately or severally, were subcontractors that performed the construction work at issue in the Plaintiff's Complaint.

## COUNT I

## INDEMNIFICATION – COMMON LAW

7. PAC realleges and reincorporates Paragraphs 1 – 6 of this Third-Party Complaint, as set forth above.

8. All of the conduct complained of in Plaintiff's Complaint, if true, relates to the conduct of each of the Third-Party Defendants, not PAC.

9. If PAC is found to be liable to the Plaintiff for their claims, PAC's liability is merely passive, whereas the liability of the Third-Party Defendants is active.

10. Pursuant to Alabama law, the Third-Party Defendants are obligated to indemnify PAC.

11. PAC should not be compelled to pay any damages to the Plaintiff on account of the negligent and/or tortuous act(s) of the Third-Party Defendants.

12. If PAC is liable to the Plaintiff, then the Third-Party Defendants are obligated to fully indemnify PAC, with said obligation arising by operation of law and/or by way of an implied contract.

## COUNT II

## BREACH OF CONTRACT

13. PAC realleges and reincorporates Paragraphs 1 – 12 of this Third-Party Complaint, as set forth above.

14. The Third-Party Defendants entered into implied contracts with PAC to perform work related to the Plaintiff's residence and property.

15. If the Plaintiff was caused to sustain damages as set forth in Plaintiff's Complaint through any fault other than Plaintiff's own, said damages arose as a result of the breach of contract of Third-Party Defendants. If any judgment is recovered against PAC, then PAC will be damaged thereby, and the Third-Party Defendants are obligated to fully indemnify PAC.

16. PAC asserts that it is not liable to the Plaintiff in any respect; however, if PAC is found liable to the Plaintiff for the damages made the basis of the Complaint, it is liable only by virtue of the actions of Third-Party Defendants, and it asserts that the Third-Party Defendants are solely responsible for all of the Plaintiff's claims against PAC.

## COUNT III

### BREACH OF IMPLIED AND EXPRESS WARRANTIES

17. PAC realleges and reincorporates Paragraphs 1 – 16 of this Third-Party Complaint, as set forth above.

18. The Third-Party Defendants expressly and impliedly warranted their work, labor, and materials.

19. If the Plaintiff was caused to sustain damages as set forth in Plaintiff's Complaint through any fault other than Plaintiff's own, said damages arose as a result of the breach of warranty of Third-Party Defendants. If any judgment is recovered against PAC, then PAC will be damaged thereby, and the Third-Party Defendants are obligated to fully indemnify PAC.

20. PAC asserts that it is not liable to the Plaintiff in any respect; however, if PAC is found liable to the Plaintiff for the damages made the basis of the Complaint, it is liable only by virtue of the actions of Third-Party Defendants, and it asserts that the Third-Party Defendants are solely responsible for all of the Plaintiff's claims against PAC.

## COUNT IV

## BREACH OF DUTY/NEGLIGENCE

21. PAC realleges and reincorporates Paragraphs 1 – 20 of this Third-Party Complaint, as set forth above.

22. Third-Party Defendants owed obligations to exercise reasonable care, and to comply with their contractual and warranty obligations to PAC. In the event of liability upon PAC, such obligations were breached, proximately resulting in damage to PAC.

**WHEREFORE, PREMISES CONSIDERED**, this Defendant/Third-Party Plaintiff demands judgment against Third-Party Defendants Randy Akins, Dwight

Mears d/b/a Dwight Mears Roofing, and Maintenance Plus Heating & Air Condition, Inc. for all sums that may be adjudged against this Defendant/Third-Party Plaintiff in favor of the Plaintiff, plus costs and attorneys' fees.

Respectfully submitted,

**s/ Robert V. Wood, Jr.**
ROBERT V. WOOD, JR. (asb-9598-d62r)

**s/ Matthew T. Dukes**
MATTHEW T. DUKES (asb-1268-t67d)
Attorneys for Defendant/Third-Party Plaintiff Pierce & Allred Construction, Inc.
bwood@wilmerlee.com
mdukes@wilmerlee.com

**WILMER & LEE, P.A.**
100 Washington Street, Suite 200
Post Office Box 2168
Huntsville, Alabama 35804
PH: (256) 533-0202

### CERTIFICATE OF SERVICE

I CERTIFY that on April 28th, 2022, I e-filed this document using CM/ECF system. I further certify that e-mailed and mailed this document to Plaintiff's counsel.

/s/Matthew T. Dukes
OF COUNSEL