UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| ROGER BASKIN, | } |
| Plaintiff, | } |
| v. | } Case No.: 3:21-cv-00215-MHH |
| PIERCE & ALLRED CONSTRUCTION, INC., | } |
| Defendant, | } |
| v. | } |
| RANDY AKINS, et al., | |
| Third-Party Defendants. | |

## ORDER

On April 29, 2022, Pierce & Allred Construction, Inc. filed a third-party complaint against Randy Akins, Dwight Mears d/b/a Dwight Mears Roofing, and Maintenance Plus Heating & Air Condition, Inc. (Doc. 26). Shortly afterwards, Pierce & Allred indicated that two of the third-party defendants had been served, (Docs. 27, 28), but because Pierce & Allred neglected to obtain third-party summonses from the Clerk's Office, the Court informed the parties that the third-party defendants had not been properly served. (Doc. 29). Pierce & Allred obtained third-party summonses from the Clerk's Office for each third-party defendant on

1

July 7, 2022, (Doc. 30), but Pierce & Allred has not returned service for the third-party defendants.

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant with a summons and a copy of a complaint within 90 days of the date on which the plaintiff filed its complaint. FED. R. CIV. P. 4(m). Here, Pierce & Allred should have completed service on the third-party defendants by July 28, 2022. To date, the record indicates that the third-party defendants have not been properly served.

On or before August 15, 2022, Pierce & Allred shall either perfect service on the third-party defendants or show cause in writing why the Court should not dismiss the third-party complaint for failure to prosecute.

**DONE** and **ORDERED** this August 1, 2022.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE