FILED
2023 Jan-12  AM 09:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **ROGER BASKIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 3:21-cv-00215-MHH** |
| ) | |
| **PIERCE & ALLRED** ) | |
| **CONSTRUCTION, INC.,** ) | |
| ) | |
| **Defendant/Third-Party Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **RANDY AKINS, DWIGHT MEARS** ) | |
| **d/b/a DWIGHT MEARS ROOFING,** ) | |
| **AND MAINTENANCE PLUS HEATING** ) | |
| **& AIR CONDITION, INC.,** ) | |
| ) | |
| **Third-Party Defendants.** ) | |

---

## AMENDED ANSWER OF MAINTENANCE PLUS HEATING & AIR CONDITION, INC. TO PIERCE & ALLRED CONSTRUCTION, INC.'S THIRD-PARTY COMPLAINT

---

**COMES NOW**, the Third-Party Defendant designated in the Third-Party Complaint as Maintenance Plus Heating & Air Condition, Inc. ("Third-Party Defendant") and files this amended answer to Pierce & Allred Construction, Inc.'s ("Third-Party Plaintiff") Third-Party Complaint (the "Complaint), stating as follows:

1

## RESPONSES TO SPECIFIC ALLEGATIONS

Except to the extent expressly admitted in this Answer, Third-Party Defendant denies the material allegations of the Third-Party Plaintiff's Complaint and demands strict proof of all allegations. The headings and numbered paragraphs below correspond to the headings and numbered paragraphs of the Complaint. By quoting the headings used in the Complaint, Third-Party Defendant does not intend to express any agreement with the content of the heading or what follows the heading. Third-Party Defendant responds to the corresponding enumerated sections of the Complaint as follows:

*Statement of Facts*

1.      This paragraph contains a legal conclusion to which a response is not required.  To the extent an answer is necessary, denied.

2.      This paragraph contains a legal conclusion to which a response is not required.  To the extent an answer is necessary, denied.

3.      This paragraph contains a legal conclusion to which a response is not required.  To the extent an answer is necessary, denied.

4.      This paragraph contains a legal conclusion to which a response is not required.  To the extent an answer is necessary, denied.

5.      This paragraph contains a legal conclusion to which a response is not required.  To the extent an answer is necessary, denied.

6.     Third-Party Defendant admits that it was a subcontractor to Third-Party Plaintiff for the construction of Roger Baskin's home located at 238 Lee Drive, Muscle Shoals, Alabama. The remaining allegations in paragraph 6 are denied. Third-Party Defendant specifically denies that it performed any work on the roofing, framing, or utility line placement as referenced by Third-Party Plaintiff in paragraph

*Count I*
*Indemnification – Common Law*

7.     Third-Party Defendant incorporates, as if set forth fully in this paragraph, its responses to paragraphs 1 through 6 of the Complaint.

8.     Third-Party Defendant denies the allegations of paragraph 8 of the Complaint.  This paragraph also contains legal conclusions to which an answer is not required, but insofar as any further answer may be deemed required, denied.

9.     Third-Party Defendant denies the allegations of paragraph 9 of the Complaint.  This paragraph also contains legal conclusions to which an answer is not required, but insofar as any further answer may be deemed required, denied.

10.     Third-Party Defendant denies the allegations of paragraph 10 of the Complaint.  This paragraph also contains legal conclusions to which an answer is not required, but insofar as any further answer may be deemed required, denied.

11.     Third-Party Defendant denies the allegations of paragraph 11 of the Complaint.  This paragraph also contains legal conclusions to which an answer is not required, but insofar as any further answer may be deemed required, denied.

12.     Third-Party Defendant denies the allegations of paragraph 12 of the Complaint.  This paragraph also contains legal conclusions to which an answer is not required, but insofar as any further answer may be deemed required, denied.

*Count II*
*Breach of Contract*

13.     Third-Party Defendant incorporates, as if set forth fully in this paragraph, its responses to paragraphs 1 through 12 of the Complaint.

14.     Third-Party Defendant admits that it was a subcontractor to Third-Party Plaintiff for the construction of Roger Baskin's home located at 238 Lee Drive, Muscle Shoals, Alabama. The remaining allegations in paragraph 14 are denied. Third-Party Defendant specifically denies that it performed any work on the roofing, framing, or utility line placement as referenced by Third-Party Plaintiff in paragraph

15.     Third-Party Defendant denies the allegations of paragraph 15 of the Complaint.  This paragraph also contains legal conclusions to which an answer is not required, but insofar as any further answer may be deemed required, denied.

16.     Third-Party Defendant denies the allegations of paragraph 16 of the Complaint.  This paragraph also contains legal conclusions to which an answer is not required, but insofar as any further answer may be deemed required, denied.

## Count III
### Breach of Implied and Express Warranties

17.     Third-Party Defendant incorporates, as if set forth fully in this paragraph, its responses to paragraphs 1 through 16 of the Complaint.

18.     Third-Party Defendant denies the allegations of paragraph 18 of the Complaint.  This paragraph also contains legal conclusions to which an answer is not required, but insofar as any further answer may be deemed required, denied.

19.     Third-Party Defendant denies the allegations of paragraph 19 of the Complaint.  This paragraph also contains legal conclusions to which an answer is not required, but insofar as any further answer may be deemed required, denied.

20.     Third-Party Defendant denies the allegations of paragraph 20 of the Complaint.  This paragraph also contains legal conclusions to which an answer is not required, but insofar as any further answer may be deemed required, denied.

## Count III
### Breach of Duty/Negligence

21.     Third-Party Defendant incorporates, as if set forth fully in this paragraph, its responses to paragraphs 1 through 20 of the Complaint.

22.     Third-Party Defendant denies the allegations of paragraph 22 of the Complaint.  This paragraph also contains legal conclusions to which an answer is not required, but insofar as any further answer may be deemed required, denied.

With regard to the unenumerated paragraph following paragraph 22 of the Complaint beginning with the word "WHEREFORE," Third-Party Defendant denies that Third-Party Plaintiff is entitled to a judgment in its favor and denies that it is entitled to the relief requested. Third-Party Defendant demands a judgment in its favor and an award of all costs incurred in this action.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Third-Party Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Third-Party Defendant pleads a general issue in response to the allegations contained in the Third-Party Plaintiff's Complaint. Third-Party Defendant denies each and every claim and count and demands strict proof thereof.

### THIRD DEFENSE

The alleged damages for which Plaintiff Roger Baskin (the "Underlying Plaintiff") and Third-Party Plaintiff seek recovery were caused by other Defendants, other third-party defendants, or other parties for whom Third-Party Defendant is not responsible, and Third-Party Plaintiff and/or Underlying Plaintiff cannot recover from this Third-Party Defendant.

## FOURTH DEFENSE

Third-Party Defendant breached no term of any contract or agreement it purportedly had with Third-Party Plaintiff. Third-Party Defendant made no agreement to indemnify Third-Party Plaintiff, and Third-Party Plaintiff was sued for its own negligence in the underlying action and not that of Third-Party Defendant.

## FIFTH DEFENSE

Third-Party Plaintiff's claims are barred by the doctrines of laches, non-assumpsit, and accord and satisfaction and are barred by payment of the debt and recoupment.

## SIXTH DEFENSE

Third-Party Plaintiff's claims are barred by waiver and estoppel.

## SEVENTH DEFENSE

Third-Party Plaintiff's claims are barred by Plaintiff's failure to do equity.

## EIGHTH DEFENSE

Third-Party Defendant asserts the defenses of release and setoff.

## NINTH DEFENSE

Third-Party Plaintiff's claims are barred because there is a failure and lack of consideration.

## TENTH DEFENSE

Third-Party Plaintiff's claims are barred by the applicable statute(s) of limitations.

## ELEVENTH DEFENSE

Third-Party Plaintiff's claims are barred by the statute of frauds.

## TWELFTH DEFENSE

Third-Party Plaintiff's claims are barred by Plaintiff's unclean hands and undue influence.

## THIRTEENTH DEFENSE

Defendant pleads the affirmative defenses of ratification, modification and novation.

## FOURTEENTH DEFENSE

Third-Party Plaintiff and/or the Underlying Plaintiff have failed to mitigate alleged damages.

## FIFTEENTH DEFENSE

Third-Party Plaintiff's claims are barred because Plaintiff did not give proper notice.

## SIXTEENTH DEFENSE

The damages or injuries suffered by Third-Party Plaintiffs, if any, were not proximately caused by any acts or omissions of this Third-Party Defendant.

## SEVENTEENTH DEFENSE

Third-Party Defendant pleads that some or all of the Third-Party Plaintiff's claims are not ripe.

## EIGHTEENTH DEFENSE

Third-Party Defendant was not negligent in any way with regard to the claims contained in Third-Party Plaintiff's Complaint. Third-Party Defendant did not breach any duty allegedly owed to Third-Party Plaintiffs.

## NINETEENTH DEFENSE

Third-Party Defendant pleads that Third-Party Plaintiff inspected and accepted Third-Party Defendant's work at the subject home and that Third-Party Defendant extended no express warranties on its work for Third-Party Plaintiff and breached no implied warranties with respect to the work at issue.

## TWENTIETH DEFENSE

Third-Party Defendant denies that the Underlying Plaintiff or Third-Party Plaintiff were injured as a result of any negligence or wantonness on its part.

## TWENTY-FIRST DEFENSE

Third-Party Defendant is entitled to a set off for all sums of money recovered by or on behalf of Third-Party Plaintiff by way of any settlement, judgment or otherwise which were entered into or received by Third-Party Plaintiff from any party or non-party of this action.

## TWENTY-SECOND DEFENSE

Third-Party Plaintiff's alleged injuries were proximately caused by superseding or intervening acts or omissions by persons or companies other than Third-Party Defendant for whom Third-Party Defendant is neither responsible nor liable.

## TWENTY-THIRD DEFENSE

Third-Party Plaintiff's common law indemnity claim is barred because Third-Party Plaintiff are allegedly active joint tortfeasors in the conduct described in the Homeowners' Complaint(s).

## TWENTY-FOURTH DEFENSE

Third-Party Plaintiff's action is barred as Third-Party Plaintiff or Underlying Plaintiff is at fault for the alleged defects at issue in this case.

## TWENTY-FIFTH DEFENSE

Third-Party Defendant denies the scope and extent of Plaintiff's alleged damages.

## TWENTY-SIXTH DEFENSE

The claims against Third-Party Defendant are barred by spoliation of evidence.

## TWENTY-SEVENTH DEFENSE

Third-Party Defendant is not liable for the acts or omissions of any other

persons, entities or third parties. All obligations sought to be enforced by Underlying Plaintiff and Third-Party Plaintiffs, if any such obligations exist, have been extinguished or have been satisfied.

## TWENTY-EIGHTH DEFENSE

The Third-Party Complaint is impermissible under Rule 14 of the Federal Rules of Civil Procedure, because Third-Party Plaintiffs, as joint tortfeasors, have no substantive rights against this Third-Party Defendant.

## TWENTY-NINTH DEFENSE

No act or omission of this Third-Party Defendant was the actual cause of the complained of injuries and damages, if any, and Third-Party Plaintiff itself is at fault for the alleged defects at issue in this case.

## THIRTIETH DEFENSE

Third-Party Defendant made no warranty, either express or implied, to Underlying Plaintiff or to Third-Party Plaintiffs.

## THIRTY-FIRST DEFENSE

Underlying Plaintiff and Third-Party Plaintiff have failed to plead their claim(s) with the specificity required by the Federal Rules of Civil Procedure.

## THIRTY-SECOND DEFENSE

The Underlying Plaintiff and Third-Party Plaintiff's claims are barred due to the lack of causal relation and/or connection.

**THIRTY-THIRD DEFENSE**

Third-Party Defendant pleads the defenses of lack of standing, that the Underlying Plaintiff and/or Third-Party Plaintiff are not the real party(ies) in interest, and that the Underlying Plaintiff and Third-Party Plaintiff lack capacity to sue to preserve those defenses should discovery reveal facts showing those defenses are warranted.

**THIRTY-FOURTH DEFENSE**

The Third-Party Plaintiff's Complaint and the Underlying Plaintiff are barred to the extent they accepted the work performed by Third-Party Defendant and its completion.

**THIRTY-FIFTH DEFENSE**

The Underlying Plaintiff's claims for damages are barred by the economic loss rule.

**THIRTY-SIXTH DEFENSE**

Third-Party Defendant cannot be liable for the Plaintiff's damages, if any, because this Defendant was deprived of the opportunity to cure the alleged defects or wrongdoing.

**THIRTY-SEVENTH DEFENSE**

Third-Party Plaintiff's claims are barred to the extent they were not properly licensed.

## **THIRTY-EIGHTH DEFENSE**

To the extent that either the Underlying Plaintiff or Third-Party Plaintiff's Complaint can be read to include a request for punitive damages, claim of punitive damages violates the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States. Without limiting the generality of the foregoing, the constitutional provisions that an award of punitive damages in this case would violate include (but are not limited to) the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States. The grounds on which these provisions would be violated by such an award include, but are not limited to, the following:

(a)  It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures under which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violate some or all of these provisions;

(c)  The procedures under which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for

different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(d)   The procedures under which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution;

(e)   The procedures under which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)   The procedures under which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Eighth Amendment, the Due Process Clauses of the Fifth and Fourteenth Amendments, and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)   The procedures under which punitive damages are awarded fail to require that an award of punitive damages be proportional, or bear a reasonable relationship, to the actual harm incurred;

(h)   The procedures under which punitive damages are awarded fail to provide mitigating factors for consideration in awarding punitive damages;

(i)   The procedures under which punitive damages are awarded fail to provide a clear appellate standard of review of an award of punitive damages;

(j)   The procedures under which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined;

(k)   The procedures under which punitive damages are awarded fail to provide adequate protection that the defendant will not be punished for injury inflicted on nonparties or strangers to the litigation; and

(l)   It is violative of the self–incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against defendants punitive damages, which are penal in nature, yet compel defendants to disclose potentially incriminating documents and evidence.

## **THIRTY-NINTH DEFENSE**

To the extent that Third-Party Plaintiff's Complaint or the allegations of the Underlying Plaintiff can be read to include a request for punitive damages, any award of punitive damages to Third-Party Plaintiff or Underlying Plaintiff in this case will be violative of the constitutional safeguards provided to defendants under the Due Process Clause of the Fourteenth Amendment to the United States

Constitution in that the determination of punitive damages is vague, is not based upon any objective standards, is standardless, and is not rationally related to legitimate government interests.

## FORTIETH DEFENSE

To the extent that Third-Party Plaintiff's Complaint or the allegations of the Underlying Plaintiff can be read to include a request for punitive damages, any award of punitive damages to Third-Party Plaintiff or Underlying Plaintiff in this case will be violative of the procedural safeguards to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, a civil defendant is entitled to the same procedural safeguards accorded to criminal defendants.

## FORTY-FIRST DEFENSE

To the extent that Third-Party Plaintiff's Complaint or the allegations of the Underlying Plaintiff can be read to include a request for punitive damages, Third-Party Defendant specifically incorporates by reference any and all standards or limitations regarding the determination or enforceability of punitive damages awards as articulated in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

## FORTY-SECOND DEFENSE

Third-Party Plaintiff's claims are barred by the doctrine of contributory negligence being a bar to recovery.

## FORTY-THIRD DEFENSE

Third-Party Plaintiff's claims are precluded because there is no contractual or common law right for contribution or indemnity.

## FORTY-FOURTH DEFENSE

Third-Party Plaintiff's claims are precluded as there is no contribution or indemnity among joint tortfeasors.

## FORTY-FIFTH DEFENSE

Third-Party Defendant reserves the right to amend this Answer, as necessary, as discovery proceeds in this litigation.

Respectfully submitted this 12th day of January, 2023.

> /s/ J. Britton Funderburk
> Larry S. Logsdon
> llogsdon@wallacejordan.com
> J. Britton Funderburk
> bfunderburk@wallacejordan.com
> *Attorneys for Third-Party Defendant*
> *Maintenance Heating & Air Conditioning,*
> *Inc.*

**OF COUNSEL:**
**WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.**
Post Office Box 530910
Birmingham, AL 35253
Voice:        (205) 870-0555
Fax:          (205) 871-7534

17

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF e-filing system, which will send notification of this filing to all counsel of record.

Robert V. Wood, Esq.
Matthew T. Dukes, Esq.
Wilmer & lee, P.A.
100 Washington Street, Ste. 200
Post Office Box 2168
Huntsville, Alabama 35804
bwood@wilmerlee.com
mdukes@wilmerlee.com

Eugene N. Bulso, Esq.
Bulso, PLC
155 Franklin Rd., Ste. 400
Brentwood, Tennessee 37207

*/s/ J. Britton Funderburk.*
OF COUNSEL